UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LARRY BERMAN,**

    **Plaintiff,**

    v.

**Civil Action 2:11-cv-00008**
**Judge Algenon L. Marbley**
**Magistrate Judge E.A. Preston Deavers**

**PAUL LIU, et al.,**

    **Defendants.**

## ORDER

The Court **DISMISSES THIS ACTION WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) because Plaintiff failed to comply with this Court's March 3, 2011 Order to pay the filing fee. (ECF No. 13.)

On December 30, 2010, Plaintiff, Larry Berman, filed this civil action in the Western Division of this Court at Cincinnati. He did not pay the $350.00 filing fee, instead moving for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. (ECF No. 1.) Five days later, the case was transferred to the Eastern Division of the Court. (ECF No. 3.) Plaintiff subsequently moved for leave to withdraw his motion to proceed *in forma pauperis*, requesting a fee waiver, but indicating that he would pay the filing fee if the Court did not grant such a waiver. (ECF No. 5.) The Court, in its March 3, 2011 Order, found that no authority exists for granting a fee waiver, granted Plaintiff's motion to withdraw, and gave him fourteen days within which to pay the filing fee. (ECF No. 13.) The Court cautioned Plaintiff that "failure [to pay the filing fee] will result in dismissal of this case." (*Id.* at 3.) To date, Plaintiff has not paid the required filing fee.

The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." *Link v. Walbash R. Co.*, 370 U.S. 626, 629–31 (1962).  "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

Here, the Court specifically warned Plaintiff that failure to pay the requisite filing fee would result in the dismissal of his action. *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate).  Plaintiff, however, failed to pay the filing fee or move again for *in forma pauperis* status.  The Court finds that Plaintiff's failure to comply with a clear order of the Court establishing a deadline constitutes bad faith or contumacious conduct.  *See Steward v. Cty. of Jackson, Tennessee*, 8 Fed.App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order to submit a properly supported motion to proceed *in forma pauperis* motion or pay the filing fee within twenty days "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal").

Accordingly, the Court **DISMISSES THIS ACTION WITHOUT PREJUDICE** pursuant to Rule 41(b).

**IT IS SO ORDERED.**

   s/Algenon L. Marbley
   **ALGENON L. MARBLEY**
   **UNITED STATES DISTRICT COURT**

**DATED: April 5, 2011**